**United States District Court**
For the Northern District of California

1        IN THE UNITED STATES DISTRICT COURT

2        FOR THE NORTHERN DISTRICT OF CALIFORNIA

3  VICENTE F. LOPEZ,                          No. C 10-04734 CW (PR)

4              Petitioner,                    ORDER GRANTING IN FORMA
                                              PAUPERIS STATUS; DIRECTING
5      v.                                     RESPONDENT TO SHOW CAUSE WHY
                                              THE PETITION SHOULD NOT BE
6  GREG LEWIS, Acting Warden,                 GRANTED; AND DENYING REQUEST
                                              FOR APPOINTMENT OF COUNSEL
7              Respondent.
                                          /

8

9        Petitioner, a state prisoner, has filed this petition for a

10 writ of habeas corpus pursuant to 28 U.S.C. § 2254.  He also seeks

11 leave to proceed in forma pauperis.  It does not appear from the

12 face of the petition that it is without merit.  Good cause

13 appearing, the Court hereby issues the following orders:

14       1.   Petitioner's application to proceed in forma pauperis is

15 GRANTED.

16       2.   The Clerk of the Court shall serve a copy of this Order

17 and the petition and all attachments thereto upon Respondent and

18 Respondent's attorney, the Attorney General of the State of

19 California.[1]  The Clerk shall also serve a copy of this Order on

20 Petitioner at his current address.

21       3.   Respondent shall file with this Court and serve upon

22 Petitioner, within one-hundred twenty (120) days of the issuance of

23 this Order, an Answer conforming in all respects to Rule 5 of the

24 Rules Governing Section 2254 Cases, showing cause why a writ of

25 habeas corpus should not be issued.  Respondent shall file with the

26 Answer a copy of all portions of the relevant state records that

27

28

_____

[1] Greg Lewis, the current acting warden of the prison where
Petitioner is incarcerated, has been substituted as Respondent
pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

4.    If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent within sixty (60) days of his receipt of the Answer. Should Petitioner fail to do so, the petition will be deemed submitted and ready for decision sixty (60) days after the date Petitioner is served with Respondent's Answer.

5.    Respondent may file with this Court and serve upon Petitioner, within sixty (60) days of the issuance of this Order, a motion to dismiss on procedural grounds in lieu of an Answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases.  If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition to the motion within sixty (60) days of receipt of the motion, and Respondent shall file with the Court and serve on Petitioner a reply within fifteen (15) days of receipt of any opposition.

6.    It is Petitioner's responsibility to prosecute this case. Petitioner must keep the Court and Respondent informed of any change of address and must comply with the Court's orders in a timely fashion.  Petitioner must also serve on Respondent's counsel all communications with the Court by mailing a true copy of the document to Respondent's counsel.

7.    Extensions of time are not favored, though reasonable extensions will be granted.  Any motion for an extension of time must be filed no later than ten (10) days prior to the deadline sought to be extended.

8.    Petitioner has requested the appointment of counsel.  The Sixth Amendment's right to counsel does not apply in habeas corpus

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

actions.  See Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986) (unless an evidentiary hearing is required, the decision to appoint counsel in habeas corpus proceedings is within the discretion of the district court).  Petitioner clearly presented his claims for relief in the petition and an order to show cause is issuing.  Accord Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984) (although petitioner had no background in law, denial of appointment of counsel within discretion of district court where petitioner clearly presented issues in petition and accompanying memorandum).  The Court will appoint counsel on its own motion if an evidentiary hearing is later required.  See Knaubert, 791 F.2d at 728 (appointment of counsel mandatory if evidentiary hearing is required).  For these reasons, Petitioner's request for the appointment of counsel is DENIED.

    9.    This Order terminates Docket nos. 2 and 3.

    IT IS SO ORDERED.

Dated: 1/10/2011

_____
CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

VICENTE F. LOPEZ,

        Plaintiff,

v.

FRANCISCO JACQUEZ et al,

        Defendant.

Case Number: CV10-04734 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on January 10, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Vicente Francisco Lopez V-06465
Pelican Bay State Prison
P.O. Box 7500
Crescent City,  CA 95532

Dated: January 10, 2011

                    Richard W. Wieking, Clerk
                    By: Nikki Riley, Deputy Clerk

**United States District Court**
For the Northern District of California