IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICENTE FRANCISCO LOPEZ,<br><br>    Plaintiff,<br><br>  v.<br><br>GREG LEWIS,<br><br>    Defendant.<br>_____/ | No. C 10-4734 CW<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

Respondent Greg Lewis, Acting Warden of Pelican Bay State Prison (PBSP), moves to dismiss Petitioner Vincent Lopez's petition for a writ of habeas corpus on the grounds that the petition fails to invoke federal habeas corpus jurisdiction and is barred by the one-year statute of limitations and by the principle of procedural default. Petitioner opposes the motion and Respondent has filed a reply. The matter was taken under submission and decided on the papers. Having considered all the papers filed by the parties, the Court grants the motion to dismiss.

BACKGROUND

On July 20, 2007, Petitioner was removed from the general population and placed in administrative segregation because he was suspected of committing battery on another inmate with a weapon. On October 4, 2007, Petitioner appeared before Senior Hearing Officer Lt. G.A. Kelley for a disciplinary hearing regarding the

July 20, 2007 incident. Petitioner alleges that, at the disciplinary hearing, he was not allowed to call witnesses to testify on his behalf, even though he had requested that they be present. Petitioner claims that Respondent violated his Fourteenth Amendment right to due process by denying him the opportunity to present witnesses at his hearing.

On December 25, 2009, Petitioner filed a petition for a writ of habeas corpus in the Del Norte County superior court. On February 26, 2010, the court denied the petition on the ground that Petitioner failed to raise his claims in a timely fashion and did not show that his delay was justified or that it fell within an exception to the timeliness bar. In re Lopez, On Habeas Corpus, HCPB09-5251. On March 18, 2010, the California court of appeal denied Petitioner's petition for a writ of habeas corpus and, on September 15, 2010, the California Supreme Court denied the petition, citing In re Robbins, 18 Cal. 4th 770, 780 (1998).

DISCUSSION

I. Cognizable Habeas Claim

Respondent argues that, because Petitioner was sentenced to life without the possibility of parole, see Respondent's Ex. A, abstract of state court judgment, his disciplinary proceeding did not extend the duration of his time in custody and, thus, this Court lacks jurisdiction to adjudicate his claim.

A federal court may entertain a habeas petition from a state prisoner "only on the ground that he is in custody in violation of

2

the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). In <u>Preiser v. Rodriguez</u>, the Supreme Court addressed the intersection between 42 U.S.C. § 1983 and writs of habeas corpus and held that "when a state prisoner is challenging the very fact or duration of his physical confinement," and where "the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment," the prisoner's "sole federal remedy is a writ of habeas corpus." 411 U.S. 475, 500 (1973). Conversely, "a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." <u>Id.</u> at 499. Habeas jurisdiction is absent where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence. <u>Ramirez v. Galaza</u> 334 F.3d 850, 859 (9th Cir. 2003).

Petitioner argues that he is not seeking a shorter sentence, but seeks release from solitary confinement to the general population with full privileges. Petitioner argues that the relief he requests, release from solitary confinement, is sufficient to provide this Court with habeas jurisdiction over his petition. Petitioner is incorrect. A release from solitary confinement may make his incarceration more pleasant, but it will not reduce the duration of his confinement, which is a prerequisite for federal habeas jurisdiction. If Petitioner feels his constitutional rights are violated by the conditions of his

3

confinement, he may file a civil rights complaint under 42 U.S.C. § 1983, if he is able properly to exhaust his administrative remedies and meet the applicable statute of limitations.

Because the Court lacks jurisdiction over this petition, Respondent's motion to dismiss is granted. Dismissal is without leave to amend because amendment would be futile, but without prejudice to refiling as a § 1983 claim. Because the Court lacks jurisdiction over this petition, it need not address Respondent's additional arguments for dismissal. The Clerk of the Court shall close this case.

IT IS SO ORDERED.

Dated: 3/13/2012

CLAUDIA WILKEN
United States District Judge